IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT LEE WRIGHT, #145025, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ROBERT BENTLEY and KIM THOMAS, )<br>)<br>Defendants. ) | <br><br><br><br><br>CIVIL ACTION NO. 2:12-CV-88-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on an amended complaint filed by Robert Lee Wright ["Wright"], an indigent state inmate incarcerated at the Hamilton Aged and Infirmed Facility ["Hamilton"]. With respect to claims presented in the amended complaint on which Wright may properly proceed, he challenges the conditions to which he has been subjected at Hamilton for the past sixteen months and the medical treatment provided to him by health care personnel at this facility. Wright also complains that the eligibility criteria for placement in the Supervised Re-Entry Program render him ineligible for access to this program.

Upon review of the factual allegations presented in the complaint, the court concludes this case should be transferred to the United States District Court for the

Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

## DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought filed "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Hamilton Aged and Infirmed Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, those individuals personally involved in the alleged violations about which Wright complains reside in the Northern District of Alabama. Although by virtue of their positions as Governor of the State of Alabama and Commissioner of the Alabama Department of Corrections defendants

---

[1] Wright filed an application for leave to proceed *in forma pauperis*. *Court Doc. No. 2*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

Bentley and Thomas reside in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defend suits in all federal courts of this state.[2]  Moreover, the actions about which the plaintiff complains regarding violations of *his* constitutional rights transpired and/or are presently occurring at a correctional institution which is within the jurisdiction of the Northern District of Alabama.  It is therefore clear that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before May 17, 2012 the parties may file objections to the

---

[2]This court makes not determination with respect to the merits of the plaintiff's claims for relief against either named defendant.  In addition, although Wright references claims relative to inmates confined throughout the prison system and male inmates convicted of non-violent offenses, this court has repeatedly advised Wright that he lacks standing to assert the constitutional rights of other persons. *McGowan v. Maryland,* 366 U.S. 420, 429 (1961), citing *United States v. Raines,* 362 U.S. 17, 22 (1960) ("[A] litigant may only assert his own constitutional rights or immunities."); *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction); *Saladin v. City of Milledgeville,* 812 F.2d 687, 690 (11th Cir.1987); *Harris v. McRae,* 448 U.S. 297, 320 (1981).  *February 1, 2012 Order - Doc. No. 3* at 2-3; *February 8, 2012 Order - Doc. No. 5* at 1.

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of May, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE